Mohammed Anower SHADHAT, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72063.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2006.

Decided May 24, 2006.

Amy Ghosh, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, HAWKINS, and PAEZ, Circuit Judges.

MEMORANDUM *

Mohammed Anower Shadhat ("Shadhat"), a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' decision summarily affirming the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We deny the petition.

Substantial evidence supports the IJ's decision. The letter Shadhat submitted from his doctor contradicts his testimony that he was stabbed, his arm was broken, and an attempt was made to cut off his hands in a September 2000 attack by members of the Awami Party. This issue goes to the heart of his asylum claim. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir. 2000) (holding that documents submitted by petitioner which go to the heart of asylum application and contradict petitioner's testimony may form the basis for an adverse credibility finding). Notwithstanding Shadhat's argument that the injuries described by the doctor as being made by a blunt weapon were wounds from a dull knife, the IJ's interpretation was equally, if not more, reasonable and the record does not *compel* the conclusion that Shadhat was credible. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003) (adverse credibility determination should be upheld unless the evidence compels a contrary conclusion).

Because Shadhat failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

PETITION DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.